O’NIELL, Chief Justice
 

 (concurring in the decree).
 

 I subscribe to the decree rendered in this case, but my opinion is that it was not necessary for the defendant, in order to make good the bills of exception which she reserved to the judge’s overruling of her challenge of the two jurors, R. F. Coffey and Charles R. Richardson, for cause, to show that by these rulings “she was forced to accept an obnoxious juror.” It is sufficient to say that these two jurors, on their voir dire examination, were shown to be qualified to serve in this case; hence there'was no error in the judge’s overruling the defendant’s challenges for cause. If Coffey and Richardson, or either of them, had been disqualified for service on the jury in this case, the judge’s overruling of the defendant’s challenge of the disqualified juror or jurors for cause would have been an error, and it would have deprived the defendant unjustly of one of the twelve peremptory challenges allowed her by law; and, inasmuch as she used all of her twelve peremptory challenges in the empaneling of _ the jury, her being unjustly deprived of one of them would have been violative of the guarantee in the Bill of Rights, in section 10 of Article 1 of the Constitution, that in every criminal prosecution before a jury the defendant shall be allowed the number of peremptory challenges “fixed by law”. And, according to my understanding of articles 353 and 557 of the Code of Criminal Procedure, such an error would have entitled the defendant to a new trial.
 

 For a complete explanation of my i-ea-sons for declining to subscribe to this part of the prevailing opinion — on page eleven, in the present case [9 So.2d 219], I respectfully refer to the dissenting opinion which I handed down on the original hearing — and to the one which I handed down on the rehearing — in State v. Breedlove, 199 La. 965, 7 So.2d 221, 249. Of the four members of the court who concurred in the interpretation given to article 353 of the Code of Criminal Procedure in the original opinion rendered in the Breedlove case, only two of them adhered to that interpretation on the rehearing. That fact is stated in the prevailing opinion rendered on the rehearing, thus: “At this time two of the four majority members (Rogers and McCaleb) entertain doubt as to the correct interpretation of Article 353 of the Code of Criminal Procedure, while the other two adhere to the views expressed in the original opinion and the dissenting opinion from granting the rehearing. However, every one of these four justices is still of the opinion that the provisions of Article 557 of the Code of Criminal procedure were properly construed therein.” The decree which was finally rendered in the Breedlove case, on rehearing,. also shows that it was not based upon the interpreta
 
 *896
 
 tion that was given originally by four members of the court to Article 353 of'the Code of Criminal Procedure. The decree reads thus: “For the reasons assigned, it is ordered, adjudged and decreed that in all respects, except as to the interpretation of Article 353 of the Code of Criminal Procedure, our original opinion and decree are reinstated and máde the final judgment of this Court.” .
 

 I respectfully submit, therefore, that the final decision rendered in the Breedlove case is not authority for the interpretation which was given to Article 353 of the Code of Criminal Procedure in the original opinion rendered in that case.